LICKING RIVER LUMBER & MINING COMPANY *v.* W. W. COX, ET AL.

**Process—Service on Corporation.**

> In an action against a corporation, the service of summons on persons without a showing that they had any connection with the corporation, is insufficient, since the return should show service by delivering a copy of the summons to the chief officer, superintendent or managing agent as provided by the Code.

**Judgment—Voluntary Appearance of One Party.**

The voluntary appearance of one of the parties not served with summons, and who is not interested in the company whose rights are to be affected by the judgment sought, although giving the court jurisdiction, will not authorize a judgment at that term of court, without consent, so as to prejudice the rights of those who had been summoned out of the county in which the action was brought.

APPEAL FROM MORGAN CIRCUIT COURT.

February 20, 1874.

OPINION BY JUDGE PRYOR:

The only judgment that could have been rendered in the case was to subject the steamboat to the payment of the mortgage debt. There is no allegation in the petition that the contract between the company and the purchasers of the boat had been cancelled, or that the note had in any way been discharged. It is alleged that the appellants had used the boat for ten months, but there is no statement even that the company was to account for the use, or that the value of the use of the boat was to be credited on the note. The parties, however, were not properly before the court. The company seems not to have been served with a summons. The return of the sheriff shows that it was served upon certain parties, naming them, without showing that they had any connection whatever with the real defendant, viz., The Licking River Lumber & Mining Company. The return should show that it was executed on the company, by delivering a copy of the summons to its chief officer, superintendent or managing agent, as provided by the Code.

The judgment was also premature, even if the summons had been properly served. None of the defendants had been served with process in the county where the action was instituted, and therefore were not required to answer. The voluntary appearance of one of the parties not served with a summons, and not interested in the company whose rights are to be affected by the judgment, and entering an appearance by answer during the term at which the judgment was rendered, although giving the court jurisdiction, would not authorize a judgment at that term of the court, without consent, so as to prejudice the rights of those who had been summoned out of the county in which the action was brought.

The court, however, having jurisdiction of the case by the appearance of the company on this appeal, can now proceed to try

the case so far as the rights of appellants are concerned. The parties, if desired, should be allowed to amend their pleadings. For the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Carlisle & Foote,* for appellant.

*Cooper & Hazelrigg,* for appellees.